IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Darian Johnston, #270548, ) | |
| ) | CIVIL ACTION NO. 9:08-0472-TLW-BM |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Officer Sgt. M. Davis, Wateree ) | |
| Correctional Officer, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate with the South Carolina Department of Corrections, alleges a violation of his constitutional rights by the named Defendant, a Correctional Officer.

The Defendant filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P. on August 25, 2008. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on August 26, 2008, advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendant's motion may be granted, thereby ending his case. Plaintiff thereafter filed a response in opposition to the Defendant's motion on September 22, 2008, as well as his own motion for summary judgment. The Court notes that Plaintiff had also previously filed some prison forms and affidavits in support of his claim on August 5, 2008 (Court Docket No. 35), as well as copies of some Request to Staff and/or grievance forms on August 28, 2008 (Court Docket No. 47).

The Defendant filed a reply to Plaintiff's Memorandum in Opposition to Summary Judgment



on October 2, 2008, and a response in Opposition to Plaintiff's Motion for Summary Judgement on October 10, 2008. These motions are now before the Court for disposition.[1]

**Discussion**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

Plaintiff alleges in his verified complaint[2] that on January 5, 2008 the Defendant Davis

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The parties have filed motions for summary judgment. As these are dispositive motions, this Report and Recommendation is entered for review by the Court.

[2] In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff has filed a verified Complaint. Therefore, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.



(a female correctional officer) was checking a locker in a cell, and that when he [Plaintiff] questioned what was happening Davis told him he was going to the "holding cell" for "interfering with institutional business". Plaintiff alleges that Davis then grabbed him by his arm to pull him up off of his bed, at which time he told her "not to put her hands on me like that again." Plaintiff alleges that he began walking towards the holding cell at which time he again told Davis as well as another correctional officer (Sgt. Roberts) not to put their hands on him. Plaintiff alleges that Davis then grabbed him and slammed his face into the wall, pinning him with her "hands and nails", while Roberts handcuffed him. Plaintiff alleges that this incident caused "bruising", and that ever since then he has had real bad headaches. Plaintiff alleges that he requested medical attention, and that medical told him to take Tylenol. Plaintiff alleges that he has also requested an MRI, but that medical "just keep[s] giving me the runaround." see, generally, Verified Complaint

Plaintiff alleges that Davis has "behavioral problems" and needs some type of anger management. Plaintiff further alleges that Davis routinely makes inappropriate comments and/or gestures towards him. Plaintiff seeks monetary damages against Davis for her "unprofessional conduct and her aggressive force from head injury." see, generally, Verified Complaint

Plaintiff has attached as an exhibit to his complaint a Step 1 Grievance he filed concerning this incident on January 5, 2008. The "Action Taken" section of this grievance form (dated January 17, 2008) states that the grievance form was not correctly completed because there was no clear, concise statement of the incident, and there was no action requested. This response further states that the grievance was being returned unprocessed with instructions to rewrite and resubmit the grievance by no later than January 23, 2008. See Exhibit to Plaintiff's Complaint.

The Defendant has submitted several affidavits and exhibits in support of summary

3



judgment in this case, including an affidavit from Defendant Davis denying the use of any excessive force against the Plaintiff. Defendant also asserts, however, inter alia, that this case should be dismissed without even reaching the merits of Plaintiff's underlying claim because Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit as required by 42 U.S.C. § 1983(e). After careful review of the arguments and evidence submitted to this Court, the undersigned is constrained to agree.

Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions[3] under section 1983 of this Title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Through the enactment of this statute, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001); see Porter v. Nussle, 534 U.S. 516 (2002); Jones v. Smith, 266 F.3d 399 (6th Cir. 2001) [exhaustion required even though plaintiff claimed futility]; Larkin v.Galloway, 266 F.3d 718 (7th Cir. 2001) [exhaustion required even though plaintiff claimed he was afraid]; see also Claybrooks v. Newsome, 2001 WL 1089548 (4th Cir., September 18, 2001)(unpublished opinion) [applying Booth v. Churner to affirm district court's denial of relief to plaintiff]. Accordingly, before

---

[3]There is no definition for the term "prison conditions" contained in § 1997e. The Sixth Circuit utilizes a definition derived from 18 U.S.C. § 3262:

> [T]he term "civil action with respect to prison conditions" means any civil proceeding arising under federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison, but does not include habeas corpus proceedings challenging the fact or duration of confinement in prison.

Id. § 3626(g)(2). See also Hartsfield v. Vidor, 199 F.3d 305, 308 (6th Cir. 1999); Neal v. Goord, 267 F.3d 116, 2001 WL 1178293 (2d Cir., Oct 04, 2001) (quoting Lawrence v. Goord, 238 F.3d 182, 185 (2d Cir. 2001) (per curiam)).

4



Plaintiff may proceed with his claim in this Court, he must first exhaust his administrative remedies through the prison grievance process. See Harris v. SCDC, No. 08-22, 2008 WL 4616773 at *6 (D.S.C. Oct. 16, 2008) [Outlining grievance procedures for § 1983 claim].

The Defendant has the burden of showing that Plaintiff failed to exhaust his administrative remedies. See Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 683 (4th Cir. 2005) [inmate's failure to exhaust administrative remedies is an affirmative defense to be both pled and proven by the Defendant]. To meet this burden, the Defendant has submitted an affidavit from Mary Coleman, Chief of the Inmate Grievances Branch of the South Carolina Department of Corrections. Coleman has attached as exhibits to her affidavit two Step 1 Inmate Grievances filed by the Plaintiff with respect to this incident, grievance number 0045-08 (a copy of which is attached to Plaintiff's complaint), and grievance number 0088-08, which was filed on January 22, 2008 pursuant to the instructions Plaintiff was given on his first grievance. Coleman attests that Plaintiff's second grievance has been forwarded to the Division of Investigations for review and completion of an investigation. See generally, Coleman Affidavit, with attached Exhibits.

Plaintiff's complaint is dated January 29, 2008, only seven days after he submitted the corrected grievance concerning the allegations of his complaint to the Department of Corrections. Hence, it is readily apparent that Plaintiff had not completed the prison grievance process relating to the claim asserted in this lawsuit prior to filing this lawsuit. Indeed, Plaintiff confirms that the procedure for processing his grievance had not been completed at the time he filed his complaint, as he states in his verified complaint that he had not at that time received a final agency/departmental/institutional answer or determination concerning his grievance. See Verified

5



Complaint, Section II.[4]  While in an affidavit filed in support of his motion for summary judgment, Plaintiff states that the Defendant should be barred from asserting the defense of failure to exhaust administrative remedies because his initial grievance was "held back" and that he had not received a final response, this argument is patently without merit given the short time period involved. Graham v. Perez, 1212 F.Supp 2d 217, 322 (SDNY 2000) [where prisoner files grievance but fails to afford prison officials adequate time to investigate and respond before filing his complaint, prisoner has failed to exhaust available administrative remedies]; see also Jones v. Smith, supra.

Even if the grievance process concerning this claim has now been completed, this case is subject to dismissal for failure to exhaust, as it is not permissible to file a lawsuit concerning a grievable matter prior to the completion of the grievance process.  see Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999) [Prisoner "may not exhaust administrative remedies during the pendency of the federal suit."]; Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005) [Prisoner may not file a lawsuit before exhausting his administrative remedies, even if he exhausts those remedies while the litigation is pending.]. Therefore, this action is subject to dismissal for lack of exhaustion of administrative remedies.  42 U.S.C. § 1997(e) Cf.  Hyde v. South Carolina Dep't of Mental Health, 442 S.E.2d 582, 583 (1994) ["Where an adequate administrative remedy is available to determine a question of fact, one must pursue the administrative remedy or be precluded from seeking relief in the courts"]; see also Harvey v. City of Philadelphia, 253 F.Supp.2d at 829 [Summary judgment granted where Plaintiff claimed to have exhausted administrative remedies, but did not present any

---

[4] As part of the exhibits Plaintiff has submitted in this case, he has attached copies of other grievances and/or requests to staff members.  However these documents post-date the filing of Plaintiff's complaint.  Further, some of these documents deal with other matters not relevant to the specific claim set forth by the Plaintiff in his complaint.

6



evidence to challenge defendants' evidence that he did not pursue his administrative remedies]; Freeman, 196 F.3d at 645 [Prisoner "may not exhaust administrative remedies during the pendency of the federal suit."].

## **Conclusion**

Based on the foregoing, it is recommended that the Plaintiff's motion for summary judgment be **denied**, that the Defendant's motion for summary judgment be **granted**, and that this case be **dismissed**, without prejudice, for failure of the Plaintiff to exhaust his administrative remedies prior to filing this lawsuit.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Charleston, South Carolina

October 24, 2008

7



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

