IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Darian Johnston, #270548, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No.: 9:08-0472-TLW-BM |
| | ) | |
| Officer Sgt. M. Davis, Watree Correctional Officer, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

# ORDER

Plaintiff, Darian Johnston ("plaintiff"), brought this civil action, *pro se*, pursuant to 42 U.S.C. § 1983 on February 12, 2008. (Doc. #1). The defendant filed a Motion for Summary Judgment on August 25, 2008. (Doc. #38). The plaintiff filed a Response in Opposition on September 22, 2008. (Doc. #55). The plaintiff then filed a Cross-Motion for Summary Judgment on September 22, 2008. (Doc. #56). The defendant filed a Reply to plaintiff's Response in Opposition to defendant's Motion for Summary Judgment on October 2, 2008. (Doc. #58). The defendant then filed a Response in Opposition to plaintiff's Cross- Motion for Summary Judgment on October 10, 2008. (Doc. #60).

This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Bristow Marchant to whom this case had previously been assigned. (Doc. #61). In the Report, the Magistrate Judge recommends that the District Court deny plaintiff's Motion for Summary Judgment, grant defendant's Motion for Summary Judgment, and dismiss the case, without prejudice, for failure of the plaintiff to exhaust his administrative remedies prior to filing this suit. (Doc. #61). The plaintiff filed objections to the report. (Doc. #63). In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

The defendant did raise the failure to exhaust the administrative remedies in his initial Motion. This defense is supported by the affidavit of Mary E. Coleman included in the defendant's Memorandum in Support of Summary Judgment as Exhibit 4. (Doc. #38).

In light of the standard set forth in Wallace, the Court has reviewed the Report and the objections. The Court has considered the Magistrate Judge's recommendation that dismissal is appropriate because of the plaintiff's failure to exhaust his administrative remedies. The Court has also considered the Magistrate Judge's conclusion that the plaintiff failed to fully exhausted his administrative remedies through the prison grievance process as outlined in the case of Harris v. SCDC, No. 08-22, 2008 WL 4616773 at *6 (D.S.C. Oct. 16, 2008), prior to filing this action. After careful review of the Report and objections thereto, de novo, the Court **ACCEPTS** the Report. (Doc. #61).

    **IT IS SO ORDERED**.

                                                                   s/Terry L. Wooten
                                               United States District Judge

December 11, 2008
Florence, South Carolina